IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID MARTINEZ JR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3075 |
| | ) | |
| v. | ) | |
| | ) | |
| SCHMITZ FARMS, INC., a Nebraska Corporation, and CRAIG SCHMITZ, | ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

The defendants have moved to transfer this case to the North Platte trial docket. (Filing No. 28). The plaintiff objects, claiming the defendants' motion is untimely, and that Lincoln is a more convenient trial location for the litigants, witnesses, and attorneys. (Filing No. 33).

The plaintiff's timeliness claim is based on Nebraska Civil Rule 40.1. The plaintiff claims the defendants were required to request a North Platte trial location at the time of filing their answer, and having failed to do so, their current request is untimely.

The plaintiff has never requested a trial location; the Lincoln trial location was assigned by the clerk of this court when the complaint was filed. Under Rule 40.1, the defendant "may file a written request for trial at Omaha, Lincoln, or North Platte" when the first pleading is filed. NECivR 40.1. But it is unclear whether the defendant <u>must</u> request a different trial location in its first pleading to preserve its right to later move to transfer the case, and it is also unclear whether the defendant must request a different trial location when the current trial location was selected by the court, not the plaintiff. Under Rule 40.1(b)(1), "conflicting requests" are resolved by considering the convenience of the litigants, witnesses, and attorneys, but the pleadings in this case contain no trial location requests. Based on the circumstances

presented, the court cannot interpret Nebraska Civil Rule 40.1 as a basis for denying the defendants' motion as untimely.

"Conflicting requests" for trial location were first presented when the defendants filed their motion to change the court-assigned location, and the plaintiff filed its opposition to the motion. The court will consider the merits of the defendants' motion under the standards set forth in Rule 40.1(b)(1).

Based on the evidence of record:

- The plaintiff claims he was injured when struck by an auger while removing corn from a grain silo on the defendants' premises.

- The plaintiff resides in or near Delta, Colorado.

- The defendants are located and reside near Riverdale, Nebraska.

- The plaintiff has disclosed 20 physicians or medical facilities from which potential witnesses may be called to support his claim; only three of which are located outside the Kearney, Nebraska area or Colorado.

- With the exception of one Colorado witness, the plaintiff's non-party, non-medical witnesses are all from the Kearney and Riverdale, Nebraska area.

- The defendant's potential witnesses are all located in the Riverdale or Kearney, Nebraska area or in Colorado.

- The medical and non-medical witnesses from Colorado are located in the Grand Junction or Delta, Colorado area.

- Plaintiff's counsel is from Grand Junction, Colorado; Defense counsel is from North Platte, Nebraska.

- Grand Junction is 224 miles closer to North Platte than to Lincoln.

- Kearney and Riverdale, Nebraska are approximately 40 miles closer to North Platte than to Lincoln, Nebraska.

- If the plaintiff, his counsel, and the Colorado witnesses drive to the Denver airport and fly to the trial location, the plane ticket to North Platte will likely cost $100 less than the ticket to Lincoln.

- If the plaintiff, his counsel, and the Colorado witnesses fly from Grand Junction to the trial location, the plane ticket to North Platte will likely cost $236 more than the ticket to Lincoln.

Based on the record, it appears the nonexpert liability witnesses are from the Riverdale and Kearney, Nebraska area. Regarding the medical witnesses, the court notes treating physicians typically testify by deposition, rather than live at trial; particularly when the trial is held a substantial distance from the physician's office location.

After considering the evidence of record, the court finds that on balance, North Platte is a more convenient trial location for the parties, their counsel, and the witnesses.

Accordingly,

IT IS ORDERED:

1) The defendants' motion to transfer this case to the North Platte trial docket, (filing no. 28), is granted, and the jury trial of this case is set to commence before the undersigned magistrate judge on February 21, 2012 at 09:00 AM in the North Platte Courtroom, Federal Building, 300 E. 3rd Street, North Platte, Nebraska.

2) The plaintiff's objection to the defendants' motion, (filing no. 33), is denied.

DATED this 14th day of November, 2011.

                                            BY THE COURT:

                                            *s/ Cheryl R. Zwart*
                                            United States Magistrate Judge